UNITED STATES FEDERAL COURTS
EASTERN DISTRICT OF MICHIGAN

JANET SPIGHT-WHITE,                                              Hon.

    Plaintiffs,

v.                                                              Case. No.:

BOARD OF EDUCATION OF THE SCHOOL
DISTRICT OF THE CITY OF HIGHLAND PARK, &
HIGHLAND PARK PUBLIC SCHOOL ACADEMY SYSTEM
BOARD OF DIRECTORS

    Defendants.

**COMPLAINT AND JURY DEMAND**

1

## THE PARTIES

1. Plaintiff Janet Spight-White (hereinafter the "Ms. Spight-White") is a duly elected Trustee of the Board of Education of the School District of the City of Highland Park and a resident of Highland Park.

2. The Board of Education of the School District of the City of Highland Park (hereinafter "Highland Park School Board") is an elected body operating under statutory authority of the State of Michigan and the constitution of the State of Michigan.

3. The Highland Park Public School Academy System Board of Directors (hereinafter "Academy Board"), is a committee that operates under and is subservient to the Highland Park School Board and the Highland Park School Board is responsible for overseeing it.

## JURISDICTION

4. Jurisdiction is proper in the State of Michigan because the events that gave rise to this lawsuit occurred in the State of Michigan and defendant is a Michigan corporation.

5. Venue is proper in the Eastern District of Michigan because Due Process rights and First Amendment rights are at issue and therefore there is Federal Questions Jurisdiction.

## THE ALLEGATIONS

6. On July 7, 2025, the City Council of Highland Park, held a meeting in which numerous residents spoke up concerning an issue with a resident that was holding events on her property with large numbers of people that was blocking traffic and access which caused hazard conditions to the residents.

7. Ms. Spight-White spoke at this event to express her concern along with the other residents.

8. When speaking to the City Council, Ms. Spight-White never stated that she was a Trustee of the Highland Park School Board, never stated that she was speaking on behalf of the Highland Park

2

School Board, and never mentioned anything to do with the Highland Park School Board at all.

9. However, despite merely stating her opinion as a concerned citizen to the City Council, on October 29, 2025, the Highland Park Board of Education censured her, alleging that she misrepresented her personal views as the position of the Highland Park School Board, represented the School Board in a negative manner towards a community partner, did not adhere to proper codes of professional conduct, disrupted a public meetings of the Highland Park School Board, did not observe the authority of the chair of the meeting, and made threatening statements to other Highland Park School Board members.

10. Ms. Spight-White was not given any of the details of the allegations, was not informed that a meeting would be held to discuss the possible censure, and not given the opportunity to be heard and/or address the allegations in any form.

11. Moreover, there does not appear to have been a public meeting held on this, and the decision appears to have been made behind closed doors.

12. Based on the vague allegations, the Highland Park School Board censured Ms. Spight-White, took away her monthly stipend, made her unauthorized to travel for Highland Park School Board purposes and made her ineligible to hold any officer position.

13. Soon after the censure against Ms. Spight-White was passed, the Highland Park Board of Education adopted procedural rules for censuring a member.

14. None of the procedures that were adopted after the censure were followed with regard to Ms. Spight-White's censure.

15. The censure violated both Ms. Spight-White's Due Process and Freedom of Speech rights under the constitutions of the United States of America, the constitution of the State of Michigan.

16. Moreover, the gathering to agree to censure Ms. Spight-White violated the Open Meetings Act

of the State of Michigan.

17. Therefore, Ms. Spight-White is entitled to have the censure overturned as violation of the constitution and statutory laws, entitled to damages and attorney fees.

18. As part of her duties as a member of the Highland Park School Board, Ms. Spight-White was asked by the Academy Board to do reading at the Barber Preparatory Academy (hereinafter "Academy").

19. She went to the school and was asked to go the special education class.

20. Everything went off without incident, although some questions were asked of the teacher, and Ms. Spight-White did have some concerns about a few issues.

21. In particular she was very concerned with the significant special needs of the needs of the children.

22. The teacher informed her that each of these student's had IEPs, or Individualized Education Plans.

23. Ms. Spight-White was not familiar with this, she called follow Trustee, Cassandra Harris.

24. The two then decided to return to the Academy so that both could observe the issues that Ms. Spight-White was concerned with.

25. Without including anything on their agenda and without informing Ms. Spight-White that her alleged conduct at the school was up for discussion at a regularly scheduled Academy Board meeting, on March 24, 2026, the Academy Board passed a motion to not allow Ms. Spight-White in the building while students are in the building.

26. Management of the Academy school has not stated whether they plan to enforce this rule.

27. As a subservient body and as a body supervised by the Highland Park School Board, the Academy Board lacks the authority to block access to a duly elected Trustee of the Highland

4

28. Moreover, even if it had such authority, and it does not, the decision to exclude Ms. Spitght-White was done without notice and an opportunity to be heard and is therefore in violation of constitution due process rights.

29. Therefore, Ms. Spight-White requests a declaratory judgment that the motion passed by the Academy Board is invalid, damages caused to her reputation, and attorney fees.

## COUNT I – VIOLATION OF THE FREEDOM OF SPEECH AGAINST THE HIGHLAND PARK SCHOOL BOARD

30. Plaintiff repeats and re-alleges paragraphs 1-29 above.

31. Both the United States Constitution and Constitution of the State of Michigan prohibit the government from retaliating against persons that exercise their freedom of speech,

32. Ms. Spight-White spoke out against a party that apparently certain board members consider a partner of some sort.

33. As a result of exercising political speech to the legislature, the Highland Park School Board censured Ms. Spight-White for speaking up against their partner.

34. As a result of this censure, Ms. Spight-White was damaged by loss of stipend, loss of right to travel for the Highland Park School Board business, lost her right to hold an officer position and suffered harm to her reputation and was forced to incur attorney fees. As a result plaintiff is seeking a judgment of at $500,000 or an amount determined by the jury.

## COUNT II – VIOLATION DUE PROCESS RIGHTS AGAINST BOTH DEFENDANTS

35. Plaintiff repeats and re-alleges paragraphs 1-34 above.

36. Both the United States Constitution and Constitution of the State of Michigan prohibit the government from taking away any rights or privileges without due process of law.

37. The Highland Park School Board, by censuring Ms. Spight-White took away numerous rights

5

and privileges of her.

38. This act was done without any procedural due process protections in place of any kind, including, but not limited to the right to notice and an opportunity to be heard.

39. Similarly, the Academy Board, without any procedural protections attempted to eliminate the right of an elected official under the laws of the state of Michigan, to properly observe and regulate the schools she is to oversee as a representative of the public.

40. This attempted deprivation or rights was done without any procedural protections at all, including but not limited to the right of notice and the right to be heard.

41. As a result of these deprivations of due process rights, Ms. Spight-White was damaged by loss of stipend, loss of right to travel for the Highland Park School Board business, lost her right to visit one of the schools she is charged with overseeing on behalf of the people, lost her right to be an officer and suffered harm to her reputation and has been forced to incur attorney fees. As a result plaintiff is seeking a judgment of at $500,000 or an amount determined by the jury.

## COUNT III – VIOLATION OF THE OPEN MEETINGS ACT HIGHLAND PARK SCHOOL BOARD

42. Plaintiff repeats and re-alleges paragraphs 1-41 above.

43. The Highland Park School Board made an important policy decision without holding an open meeting in accordance with Michigan's Open Meeting Act.

44. It's failure to comply with the act invalidates the action taken at the meeting and can be enjoined with injunctive relief. MCL § 15.270-71.

45. A party that successfully brings an action to enjoin an improperly entered decision is also entitled to attorney fees.

46. Moreover, under MCL § 15.273, a person aggrieved by the violation of the Open Meeting Act is

entitled to money damages suffered from the actions taken without following the law.

## COUNT VI – DECLARATORY JUDGMENT AGAINST THE ACADEMY BOARD

47. Plaintiff repeats and re-alleges paragraphs 1-46 above.

48. An actual case or controversy exists with regard to Ms. Spight-White's right to be present at the Academy School.

49. With out a ruling on this issue by the Court, officials at the school will not know the proper course of conduct, and could result in serious disruptions at the school.

50.  In attempting to exclude a person that oversees their activities, and is duly elected official, of access to Academy, a school that she governs over, the Academy Board exceeded their authority by its motion to limit her access to the school and therefore the passed motion is without legal effect.

51. Under the declaratory judgment act, the Court is empowered to and should make such a ruling.


Wherefore the plaintiff prays that the Court, grant the relief sought above.


### PLAINTIFF DEMANDS A JURY

Date: April 2, 2026



Sincerely,

Ari Lehman
Lehman Law PLLC
75 North Main Street, Suite 205

7

Mount Clemens, MI 48043
248-817-8000
alehman@lehmanlawpllc.com